1UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| ASA K. CALHOUN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:12-CR-53-RLH-MCLC-7 |
| | ) | | 2:14-CV-368-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 494].[1] The United States responded in opposition [Doc. 502]. Petitioner filed a reply to the Government's response [Doc. 524]. Also before the Court are Petitioner's combined motion for an evidentiary hearing and appointment of counsel [Doc. 513]. For the reasons discussed below, Petitioner's requests for an evidentiary hearing and for the appointment of counsel [*Id.*] will be **DENIED**, and his § 2255 motion [Doc. 494] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In the Eastern District of Tennessee from January of 2011 to March of 2012, Petitioner engaged in a conspiracy to distribute significant quantities of oxycodone pills obtained from pain clinics in Norcross, Georgia [Doc. 274 (Plea Agreement, ¶ 3)]. In January of 2012, Petitioner sponsored a co-defendant on a trip to a pain clinic to obtain the oxycodone pills [*Id.*]. Law enforcement authorities discovered Petitioner's involvement in the oxycodone-distribution conspiracy, using a confidential informant who made a controlled purchase of two 30-milligram

---

[1] All docket references are to the underlying criminal case, Case Number 2:12-CR-53.

oxycodone pills at Petitioner's home in June of 2012 [*Id.*]. In a three-count indictment issued on June 13, 2012, a federal grand jury charged Petitioner with one count of conspiring to distribute and possess with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) [Doc. 3 (Indictment, Count Three)].

The parties negotiated—and Petitioner signed—a plea agreement under which he would plead guilty to charged offense [Doc. 274, Plea Agreement, ¶1]. Petitioner also filed a sealed supplement to the plea agreement [Doc. 278, Plea Agreement Suppl.]. Under the plea agreement provisions, Petitioner stipulated that a conservative estimate of the amount of drugs he conspired to distribute was approximately 2,450, 30-milligram oxycodone pills [Doc. 274, Plea Agreement, ¶3(g)]. Seven days later, on January 22, 2013, Petitioner pled guilty to that crime [Doc. 281]. The Court accepted his guilty plea and referred the matter to the United States Probation Office for a Presentence Investigation Report (PSR) [*Id.*].

Using the drug quantity stipulated in the plea agreement, the probation officer who prepared the PSR noted that Petitioner's base offense level was twenty-eight [PSR ¶ 23]. The probation officer determined that Petitioner's offense level should be increased by three levels under § 3B1.1(b) of the Guidelines based on Petitioner's role as a manager or supervisor [*Id.* ¶ 26]. The increase was warranted, so found the probation officer, by virtue of Petitioner's admission that he had sponsored others in securing oxycodone pills from an out-of-state pain clinic by paying for the costs of the trips, clinic visits, MRIs, and prescriptions, in return for which he would receive part of the oxycodone pills, that he would further distribute [*Id.*]. A three-level reduction for acceptance of responsibility yielded a total offense level of twenty-eight, which along with the lowest criminal history category of I, resulted in an advisory Guidelines range of 78 to 97 months [*Id.* ¶¶ 30–31, 37, 95].

Petitioner objected to the § 3B1.1(b) enhancement and argued that, based on his criminal history points of zero, he would qualify for a safety valve reduction if he did not receive the § 3B1.1(b) enhancement [Doc. 442 (sealed)].[2] The Court overruled the objection [Doc. 449]. Later, at Petitioner's sentencing hearing, Counsel renewed his arguments against the aggravating role increase and asked the Court to reconsider its ruling [Doc. 499 (Sent. Hr'g Tr.)].

The government moved for a two-level downward departure of Petitioner's base level offense pursuant to § 5K1.1 of the Guidelines, resulting in an adjusted Guidelines range of 63 to 78 months [Doc. 448 (sealed)]. The Court granted the government's motion; overruled Petitioner's objection to the § 3B1.1(b) enhancement; and imposed a 63-month term of imprisonment, the lowest sentence in his adjusted Guidelines range [Doc. 453 (Judgment); Doc. 499 (Sent. Hr'g Tr. pp. 4, 12, 20)].

Petitioner did not file a direct appeal. Instead, he moved for a sentence reduction based on remorse for his criminal conduct and family concerns, which the Court denied for lack of jurisdiction to grant the request [Docs. 483 and 484]. Some six weeks afterward, Petitioner returned to the Court with a "Motion to Abate for Lack of Subject-Matter Jurisdiction" [Doc. 485]. The Court denied this motion as legally groundless [Doc. 486].

Days later, Petitioner submitted this pro se § 2255 motion to vacate, claiming that he received the aggravating role increase under § 3B1.1(b) because counsel provided ineffective assistance by failing to raise one "meritorious objection[]" to repel that enhancement [Doc. 494 (Motion to Vacate at 3)]. The additional objection that counsel should have raised, in Petitioner's view, is that Petitioner did not qualify for the enhancement because he "merely provided money"—

---

[2] To be eligible for the safety valve, a defendant cannot be "an organizer, leader, manager, or supervisor of others in the offense." U.S.S.G. § 5C1.2(a)(4); *see also* 18 U.S.C. § 3553(f)(4).

and not even that "much money"—to make the offense possible and because he was "merely managing the assets of the enterprise" [*Id.* at 6]. In his supporting affidavit, Petitioner describes his role in the conspiracy as "financier only" and argues that he and his co-defendants played equal roles, in that he provided the money and they obtained the pills [Doc. 496]. Petitioner speculates that his co-defendants could have chosen to cut him out of the conspiracy and that had they done so, the conspiracy could have continued without him [*Id.*].

Petitioner also believes that he could present evidence at a hearing that would show that he was not a manager or supervisor, as the Guidelines defined those terms [*Id.* ¶11]. Thus, as noted previously, Petitioner moves for an evidentiary hearing and appointed counsel to represent him in his collateral relief endeavor [Doc. 513]. The Court turns first to the Petitioner's latest motion.

## II. REQUEST FOR EVIDENTARY HEARING AND APPOINTED COUNSEL

Under Rule 8 of the Rules Governing § 2255 Proceedings in United States District Courts, the Court must determine, based on a review of the answer and the record, whether an evidentiary hearing is required. *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015). A petitioner's burden in this regard is relatively light, but more is required than protestations of innocence. *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007).

Here, there are no factual disputes, such as might arise if the parties offered competing affidavits from Petitioner and counsel as to what happened. *See e.g., Pola*, 778 F.3d at 534 (noting an evidentiary hearing would be required where a petitioner's and counsel's affidavits directly contradicted each other regarding whether petitioner had requested counsel to file a notice of appeal). Put simply, Petitioner has not identified any material factual dispute involving his §3B1.1(b) enhancement that must be resolved at an evidentiary hearing. True, Petitioner speculates that the conspiracy would have continued had his co-defendants ousted him from the

4

conspiracy, but a speculation is not a fact. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (stating that "[c]onclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing"). As it is, the record conclusively establishes that Petitioner is not entitled to collateral relief on this claim. Therefore, Petitioner's motion for evidentiary hearing [Doc. 513] will be **DENIED**.

Petitioner's request for counsel [*Id.*] likewise will be **DENIED** because he has not demonstrated that counsel is necessary to ensure that his ineffective-assistance claim is fairly raised or heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986); *see also Childs v. Pellegrin*, 822 F.2d 1382, 1284 (6th Cir. 1987) (explaining that the appointment of counsel in a civil case is a matter within the discretion of the district court).

## III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. DISCUSSION

### A. Law on Ineffective Assistance

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by

5

identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (instructing reviewing courts to "remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'") (quoting *Strickland*, 466 U.S. at 690); *see also Strickland*, 466 U.S. at 689 (directing that courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

A failure to object to an improper application of the Sentencing Guidelines may amount to ineffective assistance of counsel. *Arredondo v. United States*, 178 F.3d 778, 783-788 (6th Cir. 1999).

**B.    Analysis**

Petitioner's claim must fail because the record refutes it.

As noted, Petitioner signed the plea agreement stipulating that he conspired to distribute approximately 2,450, 30-milligram oxycodone pills. Counsel argued, in Petitioner's Sentencing

6

Memorandum [Doc. 442], that his client did not exert control over at least one participant, did not manage or supervise other participants, did not start the illegal activity, but merely joined an ongoing criminal conspiracy, and did not recruit others to join into the illicit activity [*Id.* at 2-3].

The Court overruled those objections, concluding that § 3B1.1(b)'s managerial/supervisory adjustment was properly applied because Petitioner's admissions in his plea agreement furnished the factual support for the enhancement [Doc. 449]. Those cited acknowledgments on Petitioner's part, so this Court found, showed that he was involved significantly in planning and organizing the distribution network, that he recruited and directed others in the conspiracy, and that he retained a substantial share of the fruits of the crime [*Id.* at 4]. Irrelevant to the application of § 31.1(b) was Petitioner's argument that he was not involved in the conspiracy throughout the entirety of its duration [*Id.*]. As observed, at the sentencing hearing, counsel persisted in arguing that the three-level aggravating role enhancement was unwarranted and asked the Court to reconsider its earlier ruling to the contrary [Doc. 499, Sent. H'rg. Tr. at 5-15].

Although counsel did not present the precise argument that Petitioner now proposes counsel should have presented (i.e., that had Petitioner's co-defendants cut him out of the conspiracy, it would not have derailed the conspiracy), the Court has found that the enhancement was properly applied. Counsel's performance cannot be found deficient for failing to object to a proper application of the Guidelines. *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) (attorney not required to present argument for which no good-faith factual support exists to order to avoid a charge of ineffective assistance). The Court now finds that that there was no deficient performance because counsel marshalled all the arguments that he reasonably could have assembled and he presented them to the Court to persuade it to reject the § 3B1.1(b) enhancement.

In short, counsel did all he could do to prevail on this issue and the fact that he was unsuccessful furnishes no grounds to find a deficiency of performance.

Moreover, Petitioner has provided nothing to the Court to indicate that counsel would have succeeded had counsel added this one argument to his quiver of arguments against the application of § 3B1.1(b). Petitioner's omission in this regard is particularly important because "*Strickland* places the burden on the [petitioner], not the State, to show a 'reasonable probability' that the result would have been different." *Wong v. Belmontes*, 558 U.S. 15, 27-28 (2009) (quoting *Strickland*, 466 U.S. at 694).

As it is, counsel has no obligation to raise every issue of which a petitioner can conceive to render effective assistance. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (reasoning that "a lawyer who throws in every arguable point—'just in case'—is likely to serve h[is] client less effectively than one who concentrates solely on the strong arguments") (footnote omitted); *see also Wong*, 558 U.S. at 28 ("[T]he notion that the result could have been different if only [counsel] had put on more than the nine witnesses he did, or called expert witnesses to bolster his case, is fanciful.").

Because Petitioner has pled no actual *facts* to show that he was given ineffective assistance in connection with the § 3B1.1(b) adjustment, he is not entitled to collateral relief on this claim.

## V. CONCLUSION

For the reasons discussed, Petitioner's motion for an evidentiary hearing and for the appointment of counsel [Do. 513] will be **DENIED** and Petitioner's § 2255 motion [Doc. 494] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith. Fed. R. App. P. 24(a). Therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* on appeal. Finally, Petitioner has failed to

make a substantial showing of the denial of a constitutional right and, thus, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge